```
            UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

**TONY ANDRE JORDAN, #050547**

          **Petitioner,**

**v.**                                                  **2:05CV751**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

          **Respondent.**

### AMENDED MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

On January 27, 2003, in the Circuit Court for the City of Suffolk, Virginia, petitioner was convicted of conspiracy to murder, conspiracy to commit statutory burglary, conspiracy to commit robbery, and attempted statutory burglary with intent to commit murder, rape, robbery, or arson while armed. Petitioner was sentenced to twenty years imprisonment, with six years suspended. Petitioner appealed his conviction in the Virginia Court of Appeals, but on September 16, 2003, the appeal was denied. Petitioner then appealed to the Supreme Court of Virginia, but on March 25, 2004, the appeal was denied.

Before disposition of his direct appeal, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of

Suffolk, which was dismissed on April 26, 2004. On March 14, 2005, petitioner filed a second state habeas petition in the Supreme Court of Virginia, but on May 9, 2005, the court dismissed the petition as successive. On June 17, 2005, the court denied a petition for rehearing.

On December 23, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on February 2, 2006, respondent filed a motion to dismiss and Rule 5 answer.

On March 16, 2006, the Court filed a report and recommendation, recommending dismissal of the petition pursuant to the statute of limitations, the petition having been filed almost three months beyond the cut-off date of September 28, 2005. Petitioner objected to the report, asserting that he filed his petition on September 13, 2005, when he delivered it to the prison authorities for mailing. The Court then contacted the mail room at Red Onion State Prison, and was advised by Teresa Pease that petitioner delivered no mail addressed to the United States District Court during the month of September, 2005. In the face of the controversy, an evidentiary hearing was ordered, and on August 29, 2006, the hearing was conducted. Petitioner was present and represented by court-appointed counsel, and respondent was present, by counsel. The matter is now ripe for adjudication.

### B. Grounds Alleged

Petitioner alleged the following grounds in his petition:

1. The trial court erred in convicting petitioner for attempted robbery with a weapon because the evidence was insufficient to convict under the rules of hearsay. The co-defendant stated that the weapon was placed under the vehicle by another person.

2. The trial court erred in failing to give an instruction limiting the testimony of a co-defendant. An accomplice

        may testify as a witness on behalf of the state to having entered a plea of guilty to criminal charges against the defendant where such testimony is not for the purpose of proving the guilt of the defendant and is relevant to the issue of the accomplice's credibility.

3. The Commonwealth did not have enough evidence to prove attempted burglary while armed. The only evidence that was presented in the trial court was a broken fence slat. This does not suffice to establish a burglary.

4. The evidence was insufficient regarding the charge of conspiracy to commit murder. The Commonwealth was required to prove who was in possession of the weapon, then whether the co-defendants' testimony was credible, and finally that the idea was petitioner's, not the co-defendants'.

However, these issues do not present the dispositive question: Did petitioner file his petition before the expiration of the statute of limitations?

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if

3

recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422

(1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C. Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)  there is an absence of available State corrective process; or
>
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see

5

also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997). Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

**C. The Petition is Barred by the Statute of Limitations.**

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA). With the passage of the AEDPA, several modifications were made to habeas corpus law. Before the passage of the AEDPA, a prisoner could file a habeas corpus petition at any time. See Brown v. Angelone, 150 F.3d 370, 371 (4th Cir. 1998). However, the AEDPA created a statute of limitation for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1)(2000); Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has a one-year period of limitation for the filing of a writ of habeas corpus. The period of limitation runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which state post-conviction or other collateral review is pending is not counted toward this period of limitation. See id. § 2244(d)(2).

In this case, petitioner was convicted in the Circuit Court for the City of Suffolk on January 27, 2003. Following his conviction, petitioner filed an appeal in the Virginia Court of Appeals, which was denied on September 16, 2003. Petitioner then appealed to the Supreme Court of Virginia, which denied the appeal on March 25, 2004. Since no petition for writ of certiorari was filed in the United States Supreme Court, petitioner's convictions became final on June 25, 2004.[1] Accordingly, petitioner had one year from June 25, 2004, to file his federal habeas petition. 28 U.S.C. §2244(d)(1)(A).

Petitioner is entitled to exclude the time during which "a properly filed application for state post-conviction or other collateral review . . . is pending . . ." 28 U.S.C. §2244(d)(2). On March 14, 2005, 262 days after petitioner's state court judgment became final, he filed a second state habeas petition, this time in the Supreme Court of Virginia. At that point, his time for filing a federal petition was tolled. On May 9, 2005, the petition was refused as successive, and on June 17, 2005, a petition for rehearing was denied. On June 17, 2005, the time for filing a federal habeas petition once more began to run, meaning petitioner had 103 days, or until September 28, 2005, to file his federal habeas petition. However, petitioner's federal habeas petition

---

[1] A state prisoner's conviction becomes final ninety days after the highest state court hands down its opinion which begins the period for filing a petition for writ of certiorari in the United States Supreme Court or on the date that certiorari is denied by the Supreme Court. See Harris v. Hutchinson, 209 F.3d 325, 238 (4th Cir. 2000).

7

was not filed until December 23, 2005, almost three months beyond the time required to file.

On March 27, 2006, after the original report and recommendation was filed, petitioner filed objections to the report, asserting that he filed his petition on September 13, 2005, when he placed it in the prison mailbox for mailing. (Obj. at 2.) However, during the hearing, petitioner stated that he filed his petition in August, 2005, but asserted that he did not remember the date. He stated that he could not have filed the petition any later than September 13, 2005, although he did not give any particular reason why he could not have filed any later than that date.

In <u>Wilder v. Chairman of the Central Classification Bd.</u>, 926 F.2d 367 (1991), Judge Murnaghan said:

> We held in <u>Washington v. Bumgarner</u>, 882 F.2d 899 (4th Cir. 1989), that "while notarization of a notice of appeal is not required, it provides an easy way to determine when a appeal was filed, thus preventing a lengthy dispute over this threshold fact. In particular, the notary public's certification serves as prima facie evidence that plaintiff delivered his notice of appeal to prison officials on June 14 and signed or verified his signature on that date." <u>Id.</u> at 901-2 (citation omitted). Although the opinion does not indicate whether the person who notarized the notice of appeal was a prison official, the appellant in <u>Bumgarner</u> . . . addressed his papers to the court, and not to a private party.

<u>Id.</u> at 370.

The Fourth Circuit was addressing the significance of the rule articulated in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), that provided "that <u>pro se</u> prisoners' notices of appeal are deemed filed with tfhe district court when delivered to prison authorities for forwarding and filing."

Houston, 487 U.S. at 270.  Petitioner understands the prison mail concept and sites several cases in support of his position that by mailing his petition, prison officials were on notice of his effort to seek relief in the court, and the statute of limitations was tolled as of that moment.  If petitioner could have clearly established when his petition was filed, his position would be correct.

The petition was received by the Richmond Division of the United States District Court on December 16, 2005.  On the signature page of the petition, petitioner had an opportunity to declare "under penalty of perjury that the foregoing was true and correct and that this petition for writ of habeas corpus was placed in the prison mailing system on _____ (month, date, year)."  Therefore, petitioner could have signed and dated the petition, and relied upon the declaration to support his position.  Instead, while he signed the petition, petitioner did not certify the date on which it was mailed.

The importance of petitioner's failure to certify the date is borne out by the testimony of Teresa Pease, the custodian of records in the mailroom at Red Onion.  Pease testified that all legal mail is logged in, the envelopes photocopied, and the mail is then post-marked in Pound, Virginia.  As the custodian of the legal mail logs for the period of August, 2005, through December, 2005, she was able to testify that in August, 2005, petitioner mailed two letters to the United States District Court in Richmond, one letter to the Court of Appeals, and one letter to a law library.  There were no petitions or other documents delivered by petitioner for mailing of the size of the petition presented to this Court in December, 2005.  Pease further testified that on September 1,

2005, petitioner delivered two envelopes for mailing, the first addressed to the Fourth Circuit and the second addressed to the Supreme Court of Virginia. On September 27, 2005, petitioner delivered an envelope addressed to the Circuit Court of Suffolk, Virginia. Pease stated that petitioner did not send or certify any other legal mail in the month of September, 2005.

Pease also testified that on October 27, 2005, petitioner delivered an envelope addressed to the United States District Court in Richmond, and on December 1, 2005, petitioner delivered an envelope addressed to the Clerk of the Circuit Court in Suffolk. Petitioner delivered no other mail that would support his contention that his petition was mailed "in August, September, 13, 2005, at the very latest."

At the close of the hearing, the Court concluded that the petitioner may have sent his petition to a friend or family member for mailing to the court, but he did not send the petition filed in this Court through the mailroom at Red Onion in August or September, 2005. Petitioner exceeded the one year period of limitation for filing a federal habeas petition, and therefore, the petition should be DISMISSED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules

of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                **_____/s/_____**
                                                **James E. Bradberry**
                                                **United States Magistrate Judge**

**Norfolk, Virginia**

    **September 20**, 2006

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

James Ellenson, Esquire
2600 Washington Ave., Ste. 1000
Newport News, VA 23607

Donald E. Jeffery, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219

                              Fernando Galindo, Acting Clerk

                              By _____
                                       Deputy Clerk

                              _____, 2006